UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

GARY LAKE,

    Petitioner,

— against —

CHARLES GREINER, Superintendent of
Ossining Correctional Facility

    Respondent.

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

★ NOV 0 7 2013 ★

BROOKLYN OFFICE

**MEMORANDUM, ORDER & JUDGMENT**

98-CV-6289

**Appearances**

 **For Petitioner:**

  Douglas G. Morris, Esq.
  Federal Defenders of New York
  One Pierrepont Plaza
  16th Floor
  Brooklyn, New York 11201

 **For Respondent:**

  Diane Eisner, Esq.
  Linda Breen, Esq.
  Assistant District Attorneys
  CHARLES J. HYNES, ESQ.
  District Attorney - Kings County
  Renaissance Plaza
  350 Jay Street
  Brooklyn, New York 11201

JACK B. WEINSTEIN, Senior United States District Judge:

**Contents**
I. Introduction ........................................................................................................................2
II. Facts and Procedural History ...........................................................................................2
   A. Crime and Trial.............................................................................................................2
   B. Direct Appeal................................................................................................................4
   C. Instant Petition..............................................................................................................5
III. Discussion........................................................................................................................5
IV. Conclusion.......................................................................................................................5

## I. Introduction

Before the court is what can be characterized as the second of two habeas petitions. They are brought by Gary Lake in connection with his 1994 state conviction for intentional murder, attempted murder, and assault. *See* 28 U.S.C. § 2254. The instant petition seeks to have set aside his conviction on the basis of affidavits stating his innocence and seeking fingerprint testing of shotgun shells.

The evidence sought by petitioner and relied upon by him does not exist. There are no fingerprints on the shells. To burden the Court of Appeals for the Second Circuit with an application for permission to bring a second petition, *see* 28 U.S.C. 2253(c), would benefit no one. The petition is dismissed on the merits.

## II. Facts and Procedural History

### A. Crime and Trial

A street dispute central to the instant petition is described in petitioner's original 2003 section 2254 petition. *See Lake v. Greiner*, No. 98-CV-6289, 2003 WL 21508326, at *1-7 (E.D.N.Y. June

16, 2003) (memorandum dismissing the original petition, but granting a certificate permitting an appeal).

Evidence at the State jury trial established that in 1990, Taisha Dunson had a child by Shelby Jackson. *Id.* at 1. In September 1992, Dunson, her cousin, Donovan Kelly, and her baby were outside of Dunson's house discussing whether Jackson was providing financial support for the child. *Id.* at 2. Dunson informed Kelly that Jackson was not paying child support. *Id.* At that moment Jackson, who lived across the street, walked out of his house and Dunson pointed him out to Kelly. *Id.* Kelly approached Jackson and questioned him about his failure to support the child, before returning to Dunson's house to continue their conversation. *Id.*

Ten minutes later, a car drove up the block in reverse and stopped in front of Dunson's house. *Id.* Five men -- petitioner Gary Lake, Shelby Jackson, Jackson's brother Jamal, and two men whom Kelly and Dunson did not know -- jumped out of the car and approached Kelly. *Id.* Petitioner and Kelly argued about child support. *Id.* at 3. At that moment, Dunson's father emerged from the house and ordered the men off of his property; petitioner threatened to fight the father. *Id.* A second car then pulled up to the house, four other men got out and made shooting gestures towards Kelly. Petitioner and all the threatening men then left the area. *Id.*

Months later, on the night of June 10, 1993, Ms. Dunson was outside her house talking to her aunt, Angela Francis. *Id.* A half hour before midnight, Dunson heard running footsteps and a gunshot; she saw petitioner, Gary Lake, pointing a shotgun at herself. *Id.* at 3-4. Petitioner shot Dunson in both of her legs, and, as she turned around, he shot her in the back. *Id.* at 4. He then fired two more shots, hitting and killing Angela Francis. *Id.*

The shotgun used in the crime apparently did not belong to petitioner. Even if, as hoped for by petitioner, the spent shotgun shells at the scene held fingerprints from a person other than himself,

3

that would not prove who fired. The person loading and shooting need not have been the same. Nevertheless, fingerprints of another person might lead to evidence exonerating the petitioner.

Petitioner was arrested on July 30, 1993. *Id.* He was charged in Kings County Indictment No. 8904/93 with two counts of Murder in the Second Degree, Attempted Murder in the Second Degree, and two counts of Assault in the First Degree. *Id.* On September 8, 1994, following a jury trial, he was convicted of one count of intentional murder, one count of attempted murder, and one count of assault. *Id.* at 4-5. He was sentenced concurrently to indeterminate prison terms of twenty years to life on the murder count, eight and one-third to twenty-five years on the attempted murder charge, and five to fifteen years on the assault charge. *Id.* at 5.

### B. Direct Appeal

Lake appealed to the Appellate Division, Second Department, raising ten claims of constitutional trial errors. *Id.* at 5-6. By summary order on November 27, 1997, the Appellate Division affirmed the conviction. *See People v. Lake*, 665 N.Y.S.2d 927 (N.Y. App. Div. 1997).

After exhausting state remedies, on October 15, 1998, petitioner sought habeas corpus relief in federal court pursuant to section 2254 of title 28, relying on each of the ten claims asserted in his brief on direct state appeal. *See Lake v. Greiner*, No. 98-CV-6289, 2003 WL 21508326 (E.D.N.Y. June 16, 2003). In a comprehensive opinion analyzing and rejecting each of the claims, the petition was denied. A certificate of appeal with respect to the claim that petitioner was prevented from being in court at a material stage of the trial was granted. *Id.* at 37-38. On February 28, 2006, the United States Court of Appeals for the Second Circuit affirmed the dismissal, finding that petitioner had waived his right to be present. *Lake v. Greiner*, 169 F. App'x 606 (2d Cir. 2006).

4

## C. Instant Petition

In a letter dated June 26, 2012, petitioner requested investigation of "newly discovered evidence" – namely, "affidavits asserting that a specific person committed the crime". Petitioner's Letter (June 26, 2012), at 1. The letter indicated that there were shotgun shells that "may have fingerprints on them that were never tested." *Id.* Lake also claimed that, if tested, the results would "confirm what these affidavits are asserting." *Id.*, Attach., Petitioner's Letter (Apr. 11, 2011). Affidavits submitted with the petition claimed that the gun was not owned or possessed by petitioner. *See* Affidavit of Tiffany Coakley at 2; Affidavit of Ryan M. Lake at 2; Affidavit of Eula Lake at 1.

An August 2, 2012 order treated petitioner's June 26, 2012 letter as a second petition. Docket Entry No. CV98-6289.

## III. Discussion

Fingerprint analysis was conducted. No fingerings were found. There is no basis for habeas relief.

## IV. Conclusion

The petition for a writ of habeas corpus is denied on the merits.

No certification of appealability is granted with respect to any of petitioner's claims. No constitutional right of petitioner has been violated.

SO ORDERED.

Jack B. Weinstein
Senior United States District Judge

Dated: November 6, 2013
Brooklyn, New York